**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGARDO ANTONIO LOPEZ
SALAZAR,

            Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

            Respondent.

No. 08-73961

Agency No. A070-866-012

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

   Edgardo Antonio Lopez Salazar, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that the threatened kidnaping at Lopez's school and the disturbance at his grandmother's house, even considered cumulatively and viewed from Lopez's perspective as a child, do not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute harassment rather than persecution"); *see also Hernandez-Ortiz v. Gonzalez*, 496 F.3d 1042, 1046 (9th Cir. 2007). Accordingly, because the BIA determined that Lopez failed to establish past persecution, the BIA did not abuse its discretion in rejecting his claim for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Substantial evidence also supports the agency's determination that Lopez failed to establish an objective basis for his fear of future persecution due to changed country conditions in El Salvador, including the political prominence of the ARENA party and the FMLN's participation in electoral politics. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (where there is no past persecution "the IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner

has demonstrated that there is good reason to fear future persecution"). We reject Lopez's contention that the single incident of violence by an FMLN politician described in the 2006 Country Report compels a different conclusion. Accordingly, Lopez's claim for asylum fails.

Because Lopez failed to establish eligibility for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Lopez failed to establish it is more likely than not he will be tortured if he returns to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-748 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**